## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID MATTINGLY and TINA MATTINGLY,** | ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) Case No. 07-cv-0403-MJR ) |
| **SPORTSSTUFF, INC., BOARDWURX.COM, a Registered Trademark of T. J. CARIGNAN & ASSOCIATES, INC., WORLD PUBLICATIONS, LLC, and SPORTING GOODS MANUFACTURERS ASSOCIATION, INC.,** | ) ) ) ) ) ) ) ) |
| **Defendants.** | ) ) |

### MEMORANDUM & ORDER

**REAGAN, District Judge:**

On June 1, 2007, Defendant Boardwurx.com, a Registered Trademark of T. J. Carignan & Associates, Inc. (Boardwurx), removed this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Southern District of Illinois, based upon diversity of citizenship under 28 U.S.C. §1332. Plaintiffs allege that David Mattingly was seriously injured on June 25, 2006, when he was being pulled and was airborne on a Kite Tube, which suddenly became violently uncontrollable and ejected him. Mattingly claims that he purchased the Kite Tube from Defendant, Boardwurx. Allegedly, the Kite Tube was designed, manufactured, promoted and distributed by Defendants, Sportsstuff and World Publications, and was endorsed by Defendant, Sporting Goods Manufacturers Association, Inc., as the 2006 Sports Product of the Year. Tina Mattingly brings a claim for loss of consortium.

The case comes now before the undersigned Judge for threshold review. The principal purpose of such review is to ascertain that subject matter jurisdiction properly lies. *See, e.g., Wisconsin Knife Works v. National Metal Crafters,* **781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.")**.

Section 1332 confers original jurisdiction over suits in which the amount in controversy exceeds $75,000, and the action is between citizens of different states. The party invoking federal jurisdiction bears the burden of demonstrating that all jurisdictional requirements have been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, **110 F.3d 424, 427 (7th Cir. 1997).**

In the case at bar, the Court is satisfied that the amount in controversy suffices. Defendant Boardwurx has demonstrated "a good faith, minimally reasonable belief" that Plaintiffs' claims will result in a judgment in excess of $75,000. *Neuma, Inc. v. AMP, Inc.,* **259 F.3d 864, 881 (7th Cir. 2001) (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938), and** *Herremans v. Carrera Designs, Inc*.**, 157 F.3d 1118, 1121 (7th Cir. 1998)**. David Mattingly alleges that he sustained severe injury, entailing disability, pain, medical expenses, lost wages and a diminished earning capacity. Thus, the amount in controversy satisfies the requirements of § 1332.

However, diversity among the named parties is *not* shown to be complete as it appears that both Plaintiffs and Defendants, Sportsstuff, Inc., and Sporting Goods Manufacturers Association, Inc., may be citizens of Illinois.[1] The citizenships of Sportsstuff and Sporting Goods are not clear, however, because they are identified as corporations formed and existing under the

---

[1] In Boardwurx's removal notice, it provides information only as to its citizenship and that of Plaintiffs. The Court has gleaned information regarding the citizenship of Boardwurx's co-defendants from Plaintiffs' complaint.

laws of the State of Illinois and doing business within the State of Illinois. Under the diversity statute, a corporation is a citizen of both the state in which it is incorporated and the state in which its principal place of business is located. **28 U.S.C. § 1332(c)(1);** ***Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 528 (7th Cir.),** *cert. denied***, 537 U.S. 1045 (2002)**. Boardwurx must plainly allege both aspects of Sportsstuff's and Sporting Goods' citizenship under **28 U.S.C. § 1332(c)(1).**

The citizenship of World Publications is similarly unclear. World Publications is identified as a corporation duly formed and existing under the laws of Florida and doing business in the State of Illinois. However, World Publications is a limited liability company. For diversity purposes, a limited liability company has the citizenship of each of its members. ***See Cosgrove v. Bartolotta,* 150 F.3d 729 (7th Cir.1998);** *cf*. ***Carden v. Arkoma Associates,* 494 U.S. 185 (1990) (all associations other than corporations have the citizenship of each partner or member)**. This being the case, the Court cannot complete its threshold review to determine if it has jurisdiction over this matter without knowing the citizenship of each member of World Publications.

Lastly, the Court requires clarification of the citizenship of Boardwurx, which, according to Plaintiffs' complaint is the entity from which David Mattingly purchased the Kite Tube. Boardwurx provides information on the citizenship of T. J. Carignan & Associates, Inc., but the Court cannot determine the citizenship of Boardwurx. The information currently before the Court indicates that it lacks subject matter jurisdiction over this matter.

The Seventh Circuit has instructed district courts freely to grant leave to amend defective allegations of subject matter jurisdiction or to allow the parties to brief jurisdictional issues (rather than *sua sponte* dismissing cases for lack of jurisdiction). ***See Leaf v. Supreme Court of Wisconsin*, 979 F.2d 589, 595 (7th Cir. 1992),** *cert. denied***, 508 U.S. 941 (1993);** ***Fey v. E.P.A.*,**

**270 F.3d 1129, 1131-32 (7th Cir. 2001) ("sua sponte dismissals without prior notice or opportunity to be heard are hazardous," and "unless the defect is clearly incurable a district court should . . . allow the parties to argue the jurisdictional issue. . . .").**

To enable the Court to complete its threshold review, the Court **ORDERS** Defendant Boardwurx to file a jurisdictional memorandum (no longer than ten pages) addressing the citizenship issues identified herein **on or before June 25, 2007**. The Court will then determine whether subject matter jurisdiction lies and, if so, will track the case. This memorandum does not take the place of a remand motion and does not toll any otherwise applicable deadline for filing a remand motion.

**IT IS SO ORDERED.**

**DATED this 13th day of June, 2007**

    **s/Michael J. Reagan**
    **MICHAEL J. REAGAN**
    **United States District Judge**