N THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID MATTINGLY and TINA MATTINGLY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 07-cv-0403-MJR |
| SPORTSSTUFF, INC., BOARDWURX.COM, a Registered Trademark of T. J. CARIGNAN & ASSOCIATES, INC., WORLD PUBLICATIONS, LLC, and SPORTING GOODS MANUFACTURERS ASSOCIATION, INC., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

On June 1, 2007, Defendant Boardwurx.com, a Registered Trademark of T. J. Carignan & Associates, Inc. (Boardwurx), removed this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Southern District of Illinois, based upon diversity of citizenship under 28 U.S.C. §1332. Plaintiffs allege that David Mattingly was seriously injured on June 25, 2006, when he was being pulled and was airborne on a Kite Tube, which suddenly became violently uncontrollable and ejected him. Mattingly claims that he purchased the Kite Tube from Defendant, Boardwurx. Allegedly, the Kite Tube was designed, manufactured, promoted and distributed by Defendants, Sportsstuff and World Publications, and was endorsed by Defendant, Sporting Goods Manufacturers Association, Inc., as the 2006 Sports Product of the Year. Tina Mattingly brings a claim for loss of consortium.

On threshold review, the undersigned Judge identified several issues that required further briefing. First, diversity among the named parties was not shown to be complete because both Plaintiffs and Defendants, Sportsstuff, Inc., and Sporting Goods Manufacturers Association, Inc., appeared to be citizens of Illinois. Second, the citizenship of World Publications was unclear because it is a limited liability company, and Boardwurx had not identified the citizenship of each member of World Publications. Third, the Court required clarification of the citizenship of Boardwurx, to determine if it is the same as that of T. J. Carignan & Associates, Inc., for which citizenship information had been provided. Consequently, the Court directed Boardwurx to file a jurisdictional memorandum so that it could ascertain whether subject matter jurisdiction lies under the federal diversity statute.

On June 25, 2007, Boardwurx filed its jurisdictional memorandum, responding to the issues raised by the Court. First, Boardwurx asserts that it is not a separate corporate entity but is a registered trademark of T. J. Carignan & Associates, Inc., which has its principal place of business in and is incorporated in the State of Wisconsin. Notice of Removal, Exhibit B. Second, World Publications, LLC, a limited liability company, is registered with the Florida Secretary of State, has its principal place of business in Florida, and has as its only managing member, a resident of Florida. Doc. 9, Exhibit 1. Third, Sportsstuff, Inc., has its principal place of business in and is incorporated in the State of Nebraska. Doc. 9, Exhibit 2. Fourth, Sporting Goods Manufacturers Association, Inc., ("SGMA") is incorporated in the State of Illinois. Doc. 9, Exhibit 3.

However, Boardwurx now raises issues that were not asserted in its removal notice. Boardwurx contends that SGMA is a nominal Defendant and only brought into this case by Plaintiffs to defeat diversity jurisdiction. Furthermore, Boardwurx claims that SGMA is fraudulently joined because Plaintiffs' claim against SGMA has no chance of success, whatever Plaintiffs' motives were

in filing suit against this Defendant.

**28 U.S.C. § 1332** confers original jurisdiction over suits in which the amount in controversy exceeds $75,000, and the action is between citizens of different states. The party invoking federal jurisdiction bears the burden of demonstrating that all jurisdictional requirements have been met. ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).** The Court has previously determined that the amount in controversy satisfies the requirements of § 1332. *See* Doc. 8, Memorandum and Order.

Questions still remain, however, as to whether diversity among the parties is complete. Plaintiffs are Illinois citizens (residing in Johnson County, within this Judicial District). Boardwurx identifies the partner in World Publications as a resident of Florida; however, citizenship may differ from residence*, see, e.g., **Denlinger v. Brennan*, 87 F.3d 214 (7th Cir. 1996),** and the law of this Circuit clearly holds that allegations of residence do not support the exercise of jurisdiction under the diversity statute. Furthermore, Boardwurx identifies SGMA's place of incorporation but not its principal place of business. As the Court states in its June 13, 2007 Order, a corporation is a citizen of both the state in which it is incorporated and the state in which its principal place of business is located. **Doc. 8, Memorandum and Order (*citing* 28 U.S.C. § 1332(c)(1); *Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 528 (7th Cir.),** *cert. denied*, **537 U.S. 1045 (2002))**. The Court will require Boardwurx to clarify the citizenships of both World Publications and SGMA.

Additionally, Boardwurx asks the Court to disregard SGMA's citizenship on the ground that it is a nominal Defendant or was fraudulently joined in this litigation in an attempt to defeat this Court's jurisdiction. As an out-of-state Defendant seeking removal, Boardwurx faces an uphill battle in attempting to demonstrate fraudulent joinder.

> An out-of-state defendant who wants to remove must bear a heavy burden to establish fraudulent joinder. The defendant must show

> that, **after resolving all issues of fact and law in favor of the plaintiff**, the plaintiff cannot establish a cause of action against the in-state defendant.

*Poulos v. Naas Foods, Inc.*, **959 F.2d 69, 73 (7th Cir. 1992) (emphasis added)**. An alternative test for fraudulent joinder looks for outright fraud in the plaintiffs' pleading of jurisdictional facts. *Gottlieb v. Westin Hotel Co.*, **990 F.2d 323, 327 (7th Cir. 1993);** *Hoosier Energy Rural Elec. Cooperative, Inc. v. Amoco Tax Leasing IV Corp.*, **34 F.3d 1310, 1315 (7th Cir. 1994).**

The record reveals no evidence of outright fraud in Plaintiffs' pleading of jurisdictional facts. So analysis here focuses on whether Plaintiffs can establish *any* cause of action against the in-state Defendant (SGMA).

In *Schwartz v. State Farm Mutual Auto Ins. Co.*, **174 F.3d 875, 878 (7th Cir. 1999)**, the Seventh Circuit acknowledged that, although plaintiffs are normally free to choose their own forum, they may not join an in-state defendant *solely* to defeat federal diversity jurisdiction. "Such joinder is considered fraudulent, and is therefore disregarded, if the out-of-state defendant can show there exists no 'reasonable possibility that a state court would rule against the [in-state] defendant.'" *Id.*

As outlined below, the Court will direct Plaintiffs to file a brief identifying the claims on which they have a reasonable probability of recovery against SGMA. Plaintiffs should address Boardwurx's contentions that: (a) SGMA is a nominal defendant; and (b) Plaintiffs' allegations against SGMA are unfounded in that Plaintiffs' complaint fails to state that David Mattingly relied on SGMA's alleged representations or advertisements, or even viewed them. Boardwurx will then be given an opportunity to reply to Plaintiffs' brief. Once the undersigned Judge has reviewed the parties' memoranda, he will determine whether subject matter jurisdiction lies and removal was

proper. If the answer to both questions is yes, the Court will "track" the case and assign a firm trial date.

Accordingly, Plaintiffs shall file a Jurisdictional Memorandum (no longer than 15 pages) **on or before July 27, 2007**. Boardwurx - which has outlined its arguments in the Jurisdictional Memorandum filed June 25, 2007 - may file a short Jurisdictional Memorandum in the nature of a *reply* brief (no longer than 5 pages) **on or before August 10, 2007**, and should include therein a clarification as to World Publication's and SGMA's state(s) of citizenship.

**IT IS SO ORDERED.**

**DATED this 9th day of July, 2007**

<u>s/Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Court**