IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID MATTINGLY and TINA MATTINGLY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 07-cv-0403-MJR |
| SPORTSSTUFF, INC., BOARDWURX.COM, a Registered Trademark of T. J. CARIGNAN & ASSOCIATES, INC., WORLD PUBLICATIONS, LLC, and SPORTING GOODS MANUFACTURERS ASSOCIATION, INC., | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM and ORDER**

**REAGAN, District Judge**:

   This personal injury suit was commenced in the Circuit Court of Cook County, Illinois, in April, 2007, and was timely removed to this United States District Court in June, 2007, by Defendant Boardwurx.com, a Registered Trademark of T. J. Carignan & Associates, Inc. (Boardwurx). On threshold review, the undersigned Judge directed Boardwurx to provide information regarding the citizenship of its co-defendants because, in its removal notice, it provided information only as to its own citizenship and that of Plaintiffs. The Court particularly sought information on the citizenships of Defendants Sportsstuff, Inc., and Sporting Goods Manufacturers Association, Inc. ("SGMA"). It appeared from Plaintiffs' complaint that the parties were not diverse because Plaintiffs and both of these corporations were citizens of Illinois.

   In Boardwurx's Jurisdictional Memorandum, it clarified that Sportsstuff is a citizen

of the State of Nebraska, and SGMA is a citizen of Illinois and Washington, D. C. Boardwurx also raised, for the first time, its contention that SGMA is a nominal defendant only and was fraudulently joined to defeat diversity. The Court then ordered Plaintiffs and Boardwurx to brief these issues.

Those briefs have been filed, and the Court now decides the issue, beginning with an overview of Plaintiffs' allegations.

David Mattingly sustained injuries while he was being pulled and was airborne on a Wego Kite Tube. Mattingly claims that he purchased the Kite Tube from Defendant Boardwurx, that Defendants Sportsstuff and World Publications designed, manufactured, promoted and distributed it, and that Defendant SGMA endorsed it as the 2006 Sports Product of the Year. Tina Mattingly brings a claim for loss of consortium.

As an out-of-state Defendant seeking removal, Boardwurx must clear a high hurdle to show that the Mattinglys fraudulently joined SGMA. The Seventh Circuit has noted:

> An out-of-state defendant who wants to remove must bear a heavy burden to establish fraudulent joinder. The defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant.

***Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).**[1]

In ***Schwartz v. State Farm Mutual Auto Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999)**, the Seventh Circuit stated that although a plaintiff is normally free to choose his own forum,

---

[1] An alternative test looks for outright fraud in plaintiff's pleading of jurisdictional facts. ***Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993); *Hoosier Energy Rural Elec. Cooperative, Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994).** The Court previously determined that there is no evidence of such fraud in the pleading of jurisdictional facts here.

he may not join an in-state defendant *solely* to defeat federal diversity jurisdiction. "Such joinder is considered fraudulent, and is therefore disregarded, if the out-of-state defendant can show there exists no 'reasonable possibility that a state court would rule against the [in-state] defendant.'" ***Id.*, quoting *Poulos*, 959 F.2d at 73**. In other words, the federal district court must determine whether the plaintiff can state a cause of action against the non-diverse defendant. ***Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 328 (7th Cir. 1993)**.

"[T]he burden of alleging and proving that a co-defendant is a nominal party rests with the removing party." ***Franke v. Heartland Exp., Inc. of Iowa,* 2001 WL 436214, \*1 (N.D.Ill. 2001) (citations omitted)**. "Closely related to the fraudulent joinder inquiry, the determination of whether a party is nominal turns on whether there is any basis for predicting that the party could be held liable." ***Id*. (citing *Shaw v. Dow Brands, Inc*., 994 F.2d 364, 368 (7th Cir.1993)**.

Since the fraudulent joinder and nominal defendant inquiries are closely related, the question before the Court is whether there is any reasonable probability, under Illinois law, that the Mattinglys could recover against SGMA. ***See Schwartz*, 174 F.3d at 878**. Boardwurx answers this question in the negative, asserting that the Mattinglys' claims against SGMA lack factual foundation and do not state a proper cause of action under which a remedy could be granted by the state court.

"[SGMA] is the global business trade association of manufacturers, retailers, and marketers in the sports products industry." Doc. 12, Exhibit B. SGMA annually endorses one sports product of the year, and, on April 28, 2006, the honor and publicity attendant on this endorsement fell to the Wego Kite Tube. *Id*. Implicit in honoring one product each year is a representation that SGMA has taken reasonable steps to examine the product endorsed, with some degree of care and expertise, and has found it satisfactory. ***See, e. g., Hanberry  v Hearst Corp*., 81 Cal Rptr 519**

**(Cal. App. 1969) (a magazine publisher could be held liable for negligent misrepresentation regarding a pair of shoes purchased by a consumer, since the shoes bore the magazine's "consumer's guaranty seal" in which the publisher explicitly endorsed the product)**.  SGMA expressly allows that winner of the award to display the official logo in its marketing and advertising.  Doc. 12, Exhibit D.  This endorsement may induce consumers to purchase the product, and it is foreseeable that some consumers will do so, relying on SGMA's representations concerning the product.  Thus, SGMA voluntarily involves itself in the marketing process, having in effect used its reputation and the prestige of its annual award to promote and induce the sale of a specific product.

The Court does not decide, at this level of inquiry whether SGMA thereby incurs liability for injury which results if the product is defective and not as represented by its endorsement.  That is a question to be answered on a fuller record, such as a motion to dismiss or for summary judgment, or at the trial of this action.  It is enough for this Court's present purpose to determine that SGMA is not a nominal party and was not fraudulently joined.  The Court so finds.

Resolving all issues of fact and law in favor of the Mattinglys, the Court concludes that there *is* a reasonable possibility that a state court would rule against SGMA.  This precludes a finding of fraudulent joinder, and the Court must consider SGMA's citizenship in assessing jurisdiction.  Both Plaintiffs and Defendant SGMA are Illinois citizens.  Diversity is not complete, as required to support the exercise of jurisdiction under **28 U.S.C. § 1332**.

Because this Court lacks subject matter jurisdiction, it **REMANDS** this case to the Circuit Court of Cook County, Illinois. The Court declines to award costs of removal under **28 U.S.C. § 1447(c)**, in the wake of the United States Supreme Court's holding in *Martin v. Franklin Capital Corp.*, – U.S. –, 126 S. Ct. 704, 711 (2005).

       **IT IS SO ORDERED.**

       **DATED this 23rd day of August, 2007**

       **s/Michael J. Reagan**
       **MICHAEL J. REAGAN**
       **United States District Judge**